IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISINON

TRUITT WIELAND
        Plaintiff,

-vs-                                                                 CAUSE NO.
                                                                  1:20-CV-00204-JRN

TARGET CORPORATION
        Defendant

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Plaintiff TRUITT WIELAND who motions for leave to file Plaintiff's First Amended Complaint attached as EXHIBIT A.

1.     Good cause exists to grant this motion for each of the following reasons:

(a)     The attached First Amended Complaint is presented for filing before the Court's October 15, 2020 deadline for amended pleadings;

(b)     The attached First Amended Complaint pleads for two additional categories of damages that were not stated in Plaintiff's Original Petition filed in Texas state court, those being disfigurement and loss of income, but there is no surprise or prejudice to Defendant because Defendant previously received formal notice that Plaintiff was suing for such damages by Plaintiff's March 20, 2020 FRCP 26 disclosures and then again by Plaintiff's more detailed June 24, 2020 supplemental FRCP 26 disclosures.

(c)     Without either party agreeing to the validity of the other party's claims or defenses, the parties entered an agreement October 9, 2020 mutually agreeing to the other party's motion for leave to file an amended pleading, and more specifically Plaintiff agreed to

1

Defendant's October 9, 2020 motion for leave to allow Defendant to file its First Amended Answer to plead the affirmative defenses stated therein and with Defendant agreeing to a motion for leave by Plaintiff seeking to file an amended complaint to clarify that Plaintiff is also suing for disfigurement and loss of earnings.

2.      Plaintiff's Original Petition filed in Hays County Texas District Court (incorporated herein by reference) plead that Plaintiff is seeking judgment against Defendant for (a) medical expenses past and future, (b) pain and suffering past and future, (c) physical impairment past and future, (d) mental anguish past and future, (e) relief under the Texas Deceptive Practices Act (DTPA) for economic damages, mental anguish damages and attorney fees.

Plaintiff's proposed First Amended Complaint attached hereto as Exhibit A clarifies that Plaintiff is also suing for (f) disfigurement to Plaintiff's face and (g) loss of income including the cost of a regional manager position and the losses for Plaintiff's kickboxing studios and Plaintiff's FRCP 26 disclosures previously notified Defendant that Plaintiff was suing for such damages in this lawsuit, including Plaintiff's March 20, 2020 disclosures and Plaintiff's more detailed June 24, 2020 supplemental disclosures and, therefore, there is no surprise to Defendant by Plaintiff's First Amended Complaint attached hereto as Exhibit and Plaintiff motions for the Court to grant leave for Plaintiff to file such amended complaint.

## **CONCLUSION**

WHEREFORE, premises considered, Plaintiff prays the Court grant this Motion for Leave in all respects and for any and all other relief, at law and in equity, to which Plaintiff may be justly entitled. Plaintiff motions for the Court to issue the proposed Order attached hereto as EXHIBIT B granting this motion for leave to file Plaintiff's First Amended Complaint.

        Respectfully submitted,

        LAW OFFICE OF TROY HARBER
        1007 Mopac Circle, Suite 102
        Austin TX 78746
        (512) 799-2336  (Phone)
         (512) 276-6604 (Fax)
        Email:  Troy@SouthAustinLaw.com


        /s/ TROY HARBER
        Texas State Bar Number 00793082
        ATTORNEY PRO HAC VICE
        FOR PLAINTIFF TRUITT WIELAND


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2020  the foregoing document is being served this day on all counsel of below in the manner specified, either via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing:

    Deborah G. Clark
    State Bar No. 04276550
    Deborah@ClarkandClarkLaw.com
    3624 North Hills Drive, Suite 205-A
    Austin, Texas 78731
    (512) 241-1800 Telephone
    (512) 241-1760 Fax
    ATTORNEYS FOR DEFENDANT,
    TARGET CORPORATION

        /s/ TROY HARBER

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISINON

TRUITT WIELAND
    Plaintiff,

-vs-                                        CAUSE NO.
                                            1:20-CV-00204-JRN

TARGET CORPORATION
    Defendant

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff TRUITT WIELAND continues this lawsuit against Defendant TARGET CORPORATION and files this First Amended Complaint to supplement Plaintiff's Original Petition originally filed in state court. The parties to this Complaint are Plaintiff TRUITT WIELAND and Defendant TARGET CORPORATION. Plaintiff's address, phone number and email address for purposes of this lawsuit is that Plaintiff may be contacted through his undersigned attorney whose address and phone number and email address are stated below.

**I.**     **Scheduling Order**

A scheduling order has been entered.

**II.**     **Summons Not Requested**

Summons is not requested. Defendant TARGET CORPORATION has entered its appearance in this lawsuit.

**III.**     **Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the transactions and injuries made the basis of this lawsuit occurred in Hays County Texas and there is diversity of citizenship because Plaintiff is and at all relevant times has been a resident of Texas and because

1

Defendant has confirmed that it is and all relevant times has been a foreign corporation incorporated in the state of Minnesota with its principal place of business located in Minneapolis Minnesota and the amount sued for is greater than the Court's seventy five thousand dollar ($75,000.00) threshold.

**IV.**

On August 2, 2018 TRUITT WIELAND was riding a bicycle in a safe, normal and lawful manner when he suffered serious personal injuries to his body when the bicycle's front wheel came off causing him to crash. More specifically, as Plaintiff was riding the bicycle in a normal manner the bicycle's front wheel detached from the bicycle's front fork causing the bicycle to crash which threw Plaintiff to the ground.

Prior to the incident, the bicycle had been purchased from TARGET CORPORATION (hereinafter referred to as TARGET) by Plaintiff's wife for the family's use so Plaintiff TRUITT WIELAND was an intended user of the bicycle, and TARGET had advertised the bicycle and sold the bicycle to the Truitt family as having been pre-assembled by TARGET, but when TARGET assembled the bicycle it negligently did so in an unsafe and improper manner.

More specifically, when assembling the bicycle, TARGET failed to properly tighten a nut that was designed to prevent the bicycle's front wheel from detaching from the bicycle's front fork. In other words, there was a nut that was a feature of the bicycle that should have been properly tightened to prevent the front wheel from coming off during the bicycle's normal use and TARGET negligently failed to properly tighten this nut and the proximate result of such negligence was that the front wheel came off while Plaintiff was riding the bicycle and this caused Plaintiff to crash and suffer the injuries that are the basis of this lawsuit

2

## V.
## Res Ipsa Loquitor

The evidence confirms the nut described above had never been properly tightened thereby proving that TARGET did not assemble the bicycle in a safe and proper manner despite having advertised and sold the bicycle as being in pre-assembled condition.

However, that proof should not even be necessary because the burden of proof should be on TARGET whose negligence for causing the incident is proved under the doctrine of res ipsa loquitor because any properly assembled bicycle should never have its front wheel come off during normal use or, for that matter, during any use.

## VI.
## Violations of Texas Deceptive Trade Practices Act (DTPA)

The bicycle in question was purchased by Plaintiff's wife for the family's use including for Plaintiff's use and, therefore, Plaintiff is a "consumer" of TARGET as defined by the Texas Deceptive Trade Practices Act (DTPA) and TARGET's actions and/or omissions were violations of the Texas Deceptive Trade Practices Act (DTPA) and the cause of the incident and Plaintiff's resulting injuries and damages and, therefore, TARGET is also liable to Plaintiff under the DTPA.

TARGET's actions were certainly a proximate cause of the incident and resulting damages but because the DTPA only requires a "producing cause" then Plaintiff hereby pleads that under the DTPA the Defendant's actions were also a producing cause of the incident and Plaintiff's resulting injuries and damages including economic damages, mental anguish, attorney fees and other expenses and under the DTPA cause of action asserted here Plaintiff seeks judgment against Defendant for all such damages, fees and expenses.

## VII.
## Respondeat superior and agency

Each action and/or omission and/or violation of Defendant described in these pleadings was committed by TARGET through its employees, executives and/or other agents and representatives during the course and scope of their employment for and/or in the course of their agency for TARGET and, therefore, TARGET remains liable to Plaintiff under the doctrines of respondeat superior and/or agency.

## VIII.
## Damages

As a proximate and direct result of the incident, Plaintiff suffered personal injury damages for which he seeks judgment against Defendant including for:

    (a)    Past and future medical expenses for treatment of Plaintiff's personal injuries;

    (b)    Past and future pain and suffering

    (c)    Past and future physical impairment

    (d)    Past and future mental anguish

    (e)    Under the DTPA, Plaintiff also seeks judgment for all economic damages resulting from the incident (including for past and future medical expenses and any other past and future economic damages) as well as for all past and future mental anguish damages, as well as for attorney fees incurred by Plaintiff in bringing the claim.

**This amended complaint adds that Plaintiff also seeks judgment for the following:**

    (f)    Past and future disfigurement to Plaintiff's face

    (g)    Loss of income including the cost to Plaintiff of creating a regional manager position and the losses to Plaintiff from Plaintiff's kickboxing studios.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that on final trial Plaintiff be awarded judgment for the relief sought above and also for taxable court costs, pre-judgment and post-judgment interest at the maximum legal rate, and for all such further relief, both general and specific, at law or in equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,

    LAW OFFICE OF TROY HARBER
    1007 Mopac Circle, Suite 102
    Austin TX 78746
    (512) 799-2336  (Phone)
    (512) 276-6604 (Fax)
    Email:  Troy@SouthAustinLaw.com

    /s/  TROY HARBER
    Texas State Bar Number 00793082
    Attorney for Plaintiff Truitt Wieland

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2020 the foregoing document is being served this day on all counsel of below in the manner specified, either via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing:

    Deborah G. Clark
    State Bar No. 04276550
    Deborah@ClarkandClarkLaw.com
    3624 North Hills Drive, Suite 205-A
    Austin, Texas 78731
    (512) 241-1800 Telephone
    (512) 241-1760 Fax
    ATTORNEYS FOR DEFENDANT,
    TARGET CORPORATION

    /s/ TROY HARBER

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISINON

TRUITT WIELAND
        Plaintiff,

-vs-                                                        CAUSE NO.
                                                                1:20-CV-00204-JRN

TARGET CORPORATION
        Defendant

**ORDER**

Before the court in the above-styled and numbered cause is Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint.  After reviewing Plaintiff's motion and the reasons stated therein, and finding that Plaintiff filed his motion for leave to file such First Amended Complaint October 12, 2020 several days prior to the October 15, 2020 deadline for same, and finding there is no surprise or prejudice to Defendant by Plaintiff's First Amended Complaint, the Court finds such motion should be granted.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint is **GRANTED.**  Plaintiff may file his First Amended Complaint.


SIGNED this _____ day of October 2020.


                                                          _____
                                                         JAMES R. NOWLIN
                                                         SENIOR U.S. DISTRICT JUDGE